**E-FILED**
Monday, 31 July, 2006  11:22:08 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
CENTRAL DIVISION**

FILED

JUL 2 8 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SAFECO INSURANCE COMPANY, a Washington Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SICILIANO, INC. an Illinois corporation, K&R PROPERTIES,. INC., RICHARD E. LAWRENCE, and MARY KIM LAWRENCE, | ) ) ) ) |
| Defendants. | ) ) |

No. 06-3162

## COMPLAINT

Safeco Insurance Company ("Safeco"), by and through its attorneys, Edward R. Gower, John E. Sebastian and Clay M. Ullrick of Hinshaw & Culbertson LLP, sets forth the following complaint against defendants, Siciliano, Inc. ("Siciliano"), K&R Properties, Inc., Richard E. Lawrence, and Mary Kim Lawrence (hereinafter collectively referred to as "Indemnitors" or "Defendants"):

### PARTIES

1.      Safeco is a Washington corporation with its principal place of business in Seattle, Washington.

2.      Defendant Siciliano is an Illinois Corporation with its principal place of business in the City of Springfield, County of Sangamon, Illinois and can be served at its registered agent c/o 3650 Winchester Road, Springfield, Illinois  62707.

1

60149643v1 858606

3.     Defendant K&R Properties is an Illinois corporation with its principal place of business in Springfield, Sangamon County, Illinois and can be served at 3650 Winchester Road, Springfield, Illinois 62707.

4.     Defendant Richard E. Lawrence is a resident of Springfield, Sangamon County, Illinois and can be served at 1404 Coralberry Court, Springfield, Illinois 62707.

5.     Defendant Mary Kim Lawrence is a resident of Springfield, , Sangamon County, Illinois and can be served at 1404 Coralberry Court, Springfield, Illinois 62707.

## JURISDICTION AND VENUE

6.     This court has jurisdiction over this cause under 28 U.S.C. § 1332(a)(1) in that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, and is between citizens of different states.

7.     Venue is proper in this Court under 28 U.S.C. §1391(a) because all Defendants reside in this District.

## FACTS COMMON TO ALL COUNTS

8.     Siciliano entered into numerous contracts with Illinois state and municipal agencies (collectively referred to as the "Obligees"), to perform certain construction work located in the Springfield and surrounding area (collectively referred to as the "Projects").

9.     In accordance with the Illinois Public Construction Bond Act, 30 ILCS 550 (the "Bond Act"), the Obligees required that Siciliano obtain and provide payment and performance surety bonds for the Projects to guarantee (a) Siciliano's performance obligations under the

2

60149643v1 858606

contracts and (b) to ensure the payment obligations of Siciliano's subcontractors and suppliers that furnished labor or material in completion of the Projects, subject to the terms of the bonds, the contracts, the Bond Act, and the law.

10.     Pursuant to the request of Siciliano, Safeco, as surety, issued the payment and performance bonds (the "bonds") to the Obligees, on behalf of Siciliano, as principal, for the Projects. (A list of the bonds issued by Safeco is attached hereto as Exhibit 1.)

11.     As a condition for Safeco issuing bonds on behalf of Siciliano, Safeco required that the Indemnitors enter into a General Agreement of Indemnity ("Indemnity Agreement") with Safeco. The Indemnity Agreement requires the Indemnitors to indemnify and hold Safeco harmless, in part, from all liability under the bonds it issues on behalf of Siciliano. Specifically, the Indemnity Agreement provides, in relevant part, the following:

INDEMNITY TO SURETY: Undersigned agrees to pay to Surety upon demand:

1.     All loss, costs and expenses of whatsoever kind and nature, including court costs, reasonable attorney fees (whether Surety at its sole option elects to employ its own attorney, or permits or requires Undersigned to make arrangements for Surety's legal representation), consultant fees, investigative costs and any other losses, costs or expenses incurred by Surety by reason of having executed any Bond, or incurred by it on account of any Default under his agreement by any of the Undersigned.

In addition the Undersigned agrees to pay to Surety interest on all disbursements made by Surety in connection with such loss, costs and expenses incurred by Surety at the maximum rate permitted by law calculated from the date of each disbursement;

2.     An amount sufficient to discharge any claim made against Surety on any bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond;

3.     Any original, additional or renewal premium due for any bond.

60149643v1 858606

With respect to claims against Surety:

1.      Surety shall have the exclusive right for itself and the undersigned to determine in good faith whether any claim or suit upon any Bond shall, on the basis of belief of liability, expediency or otherwise, be paid, compromised, defended or appealed.

2.      Surety may incur such expenses, including reasonable attorneys' fees, as deemed necessary or advisable in the investigation, defense and payment of such claims.

3.      Surety's determination in good faith of the foregoing shall be final and conclusive upon the Undersigned.

4.      An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned

(A copy of the Indemnity Agreement is attached hereto as Exhibit 2)

12.     The Indemnity Agreement also requires the Indemnitors to post collateral upon Safeco's demand to "cover any claim …". Specifically, the Indemnity Agreement provides:

2.      An amount sufficient to discharge any claim made against Surety on any Bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond

(Indemnity Agreement, Exhibit 2).

13.     The Indemnity Agreement requires the Indemnitors to hold in trust all contract funds Siciliano receives for the use and benefit of Siciliano's vendors which work on the Projects. Specifically, the agreement provides:

4.      Agree that all monies earned by Contractor under any Contract are trust funds, whether in the possession of Contractor or otherwise for the benefit of, and for payment of Contractor's obligations for, labor, material, and supplies furnished to Contractor in performance of such Contract for which Surety would be liable under any Bond on such Contract;

4

(Indemnity Agreement, Exhibit 2).

14.    Safeco has been sued and/or received claims against the payment and performance bonds it issued on behalf of Siciliano for numerous Projects.  As of June, 2006, Safeco has received numerous payment and performance bond claims.

15.    Safeco has continually notified Siciliano of the bond claims and suits.  Also Safeco has requested that the Indemnitors: (a) indemnify and hold Safeco harmless from the pending claims, (b) to post collateral for the claims in accordance with the terms of the Indemnity Agreement, and (c) to set up an escrow account through Safeco for the use in discharging Siciliano's obligation under the bonds.  As of June, 2006, the Indemnitors have not indemnified Safeco. (See indemnity demand letter, attached hereto as Exhibit 3).

16.    As of June, 2006 after deducting the amount Safeco has received in contract funds, Safeco has expended $762,341.00 to discharge its obligations under the bonds. Additionally, Safeco's estimated remaining exposure after receiving contract funds under the performance and payment bonds for the claims asserted totals $1,439,000.00.

### Count I
### (Breach of Contract)

17.    Safeco adopts and realleges paragraphs 1 through 16 as and for paragraphs 1 through 16 of Count I as though fully set forth herein.

18.    The Indemnitors are obligated to indemnify Safeco from all "loss, costs and expenses of whatever kind and nature, including court costs, reasonable attorneys fees . ."

5

60149643v1 858606

pursuant to the Indemnity Agreement and to post collateral to cover any claims asserted.  *See,*
Exhibit 2.

19.     Despite Safeco's demand, the Indemnitors have breached the agreement between
the parties by failing and refusing to indemnify and hold Safeco harmless from the bond claims,
to post collateral in the amount of Safeco's bond exposure.

20.     Safeco has been damaged by the Indemnitors' material breach of the Indemnity
Agreement in the initial amount of $762,341.00 which is the current net amount that Safeco has
incurred as of June, 2006 and in the amount of $1,439,000.00 which amount represents Safeco's
estimated remaining bond exposure.

WHEREFORE, Safeco Fire and Marine Insurance Company prays the court enter an
order providing judgment against Siciliano, Inc. ("Siciliano"), K&R Properties, Inc., Richard E.
Lawrence, and Mary Kim Lawrence, jointly and severally, in the initial amount of $762,341.00
plus costs and expenses, and require the defendants to post collateral in the initial amount of
$1,439,000.00 or in an amount sufficient to secure Safeco from any losses and for such further
relief as the Court deems just and appropriate.

### Count II
### (Exoneration and *Quia Timet*)

21.     Safeco adopts and realleges paragraphs 1 through 20 for paragraphs 1 through 20
of Count II as though fully set forth herein.

6

60149643v1 858606

22.     Safeco has demanded that the Indemnitors indemnify and hold it harmless from the claims asserted and to post collateral in the amount of claims asserted.  The collateral Safeco has demanded is to cover the amounts of current claims, net of recovery of contract funds.

23.     As the principal of the performance and payment bonds, Siciliano owes Safeco the duty of exoneration, requiring Siciliano perform its obligation before Safeco is called upon to perform its obligations under the bonds.  Additionally, the Indemnity Agreement requires the Indemnitors to place funds or other security with it upon demand that are sufficient to cover its bond exposure. *See*, Exhibit 2.

24.     Safeco is entitled to a remedy known as *quia timet*, which remedy secures a surety from loss when it appears that the principal is reasonably likely to fail or refuse to perform or to protect the surety from loss.

25.     The Indemnitors have failed and refused to meet their obligations under the Indemnity Agreement by failing to indemnify Safeco from the pending claims and to post collateral in any amount.

26.     Safeco is entitled to be reimbursed for the attorneys and consulting fees it has currently paid and to be fully collateralized by the Indemnitors for the reserve it has set in order to discharge its bond obligations.

WHEREFORE, Safeco Insurance Company prays the court enter an order providing judgment against Siciliano, Inc., K&R Properties, Inc., Richard E. Lawrence and Mary Kim Lawrence, jointly and severally, in the initial amount of $762,341.00 plus costs and expenses,

7

and require the defendants to post collateral in the initial amount of $1,439,000.00 or in an amount sufficient to secure Safeco from any losses; and for such further relief as the Court deems just and appropriate.

### Count III
### (Specific Performance of the Indemnity Agreement)

27.    Safeco adopts and realleges paragraphs 1 through 26 for paragraphs 1 through 26 of Count III as though fully set forth herein.

28.    Safeco has demanded that the indemnitors indemnify and hold Safeco harmless from any and all costs resulting from the bonds it issued for the Projects.  As of June, 2006, the Indemnitors have failed to indemnify Safeco.

29.    Safeco has requested the Indemnitors to indemnify Safeco and to post collateral from bond claims and expenses, but the Indemnitors have failed to honor Safeco's request.

30.    Safeco lacks an adequate remedy at law and will suffer irreparable harm if the relief sought is not granted.

WHEREFORE, Safeco Insurance Company prays the court enter an order providing judgment against Siciliano, Inc., K&R Properties, Inc., Richard E. Lawrence and Mary Kim Lawrence, jointly and severally, in the initial amount of $762,341.00 plus costs and expenses, and require the defendants to post collateral in the initial amount of $1,439,000.00 or in an amount sufficient to secure Safeco from any losses; and for such further relief as the Court deems just and appropriate.

8

**Count IV**
**(Declaratory Judgment)**

31.     Safeco adopts and realleges paragraphs 1 through 30 for paragraphs 1 through 30 of Count IV as though fully set forth herein.

32.     The Indemnitors are obligated to indemnify Safeco from all "loss, costs and expenses of whatever kind and nature, including court costs, reasonable attorneys fees . ." pursuant to the Indemnity Agreement and to post collateral to cover any claims asserted and to set aside the bonded contract funds for the use in discharging Siciliano's obligations under the bonds. *See*, Exhibit 2.

33.     Under the Indemnity Agreement, Safeco is entitled to settle or compromise any claim, liability, demand, suit or judgment on any bond issued on behalf of Siciliano and such settlement or compromise shall be binding upon the Indemnitors. Any vouchers or other evidence of payment by Safeco shall be prima facie evidence of the fact and amount of liability of the Indemnitors. *See*, Exhibit 2.

34.     The Indemnitors are obligated to furnish all information, including allowing Safeco to examine the books and records of Siciliano at Safeco's request. *See*, Exhibit 2.

35.     The Indemnitors are obligated to hold in trust all contract funds received on the bonded contracts to pay Project vendors and to discharge Safeco's obligations under the bonds. *See*, Exhibit 2.

9

60149643v1 858606

36.    In the event Siciliano is declared in default on any bonded contract or Siciliano and/or the Indemnitors are in breach of the Indemnity Agreement, Siciliano and the Indemnitors agreed to assign to Safeco all title, right and interest to any payments due under the bonded contracts, all supplies, materials and equipment used in performance of the Projects and authorized Safeco to take all other actions necessary, including empowering Safeco with the means necessary to all other such supplies needed, to perform the work under the bonds. *See,* Exhibit 2.

37.    The Indemnitors agreed that Safeco has the authority and power, without notice to the Indemnitors, to amend any bonds, agree to any changes in contracts or obligations covered by the bonds with the understanding that the Indemnitors will remain bound by all terms of the Indemnity Agreement despite any increase in liability to the Indemnitors and also agreed that Safeco was appointed the Indemnitors true and lawful attorney with the right to exercise all of the rights of the Indemnitors. *See,* Exhibit 2.

38.    The parties agreed that the Indemnity Agreement constitute security agreements to Safeco and also a financing statement in accordance with the Uniform Commercial Code. *See,* Exhibit 2.

39.    The Indemnitors have breached their obligations under the Indemnity Agreement by failing and refusing to indemnify and hold Safeco harmless from all claims, to post collateral in the amount of Safeco's contingent bond exposure, and for the use in discharging Siciliano's obligations under the bonds.

60149643v1 858606

40.    28 U.S.C. 2201 provides that the court may make binding declarations of rights in cases of actual controversy.

41.    That the instant cause involves an actual controversy regarding the obligations of the Defendants under the Indemnity Agreement and it is thus appropriate that this Court issue a declaratory judgment regarding the parties' respective rights and obligations under the Indemnity Agreement because a binding declaration by this Court as to each parties' rights and obligation under the agreement would serve to terminate any question of who is obligated to indemnify Safeco.

WHEREFORE, Safeco Insurance Company respectfully requests that the Court grant the following relief:

A.    Issue an order declaring that Defendants, jointly and severally, are liable to Safeco under the Indemnity Agreement for all losses Safeco incurs as a result of bonds it issued on behalf of Siciliano;

B.    Issue an order declaring that pursuant to the terms of the Indemnity Agreement, Safeco has the following rights:

1.    Safeco has the right to settle or compromise any claim, liability, demand, suit or judgment upon the bonds at issue and such settlement or compromise shall be binding on the Indemnitors. The vouchers or other evidence of payment shall be *prima facie* evidence of the fact and amount of the Indemnitors' liability;

2.    Siciliano shall furnish to Safeco such information as Safeco requests concerning the bonded Projects and the Indemnitors financial condition.

3.    By virtue of Siciliano's default under the Indemnity Agreement, Siciliano and the Indemnitors are deemed to have assigned to Safeco all right, title and interest to (a) all payments, monies and properties that may become payable on the Project; (b) all supplies, equipment and material used on the Project; and (c)

11

all subcontracts related to work under any contract in connection with the Projects.

4.    Safeco is authorized and empowered without notice to or knowledge of the Indemnitors to amend any bond or to assent to any change in the contracts or obligations relating to any bond and the Indemnitors are bound under the terms of the Indemnity Agreement even though any action by Safeco may increase their liability.

5.    The Indemnity Agreement constitutes a security agreement to Safeco and also a financing statement in accordance with Uniform Commercial Code. The failure of Safeco to file this Agreement shall not release or excuse any of the obligations of Siciliano or the Indemnitors under the Indemnity Agreement.

6.    The Indemnitors have appointed Safeco as their true and lawful attorney with the right to exercise al of the rights of the Indemnitors assigned, transferred and conveyed to Safeco in the Indemnity Agreement and have granted Safeco full power and authority to make, execute, endorse and deliver any agreements for the full protection intended to be given to Safeco.

**Safeco Insurance Company**

By:___/s/ Edward R. Gower_____
        One of its Attorneys

Edward R. Gower, ARDC #3127966
HINSHAW & CULBERTSON LLP
400 South Ninth Street, Suite 200
Springfield, IL 62701-1908
(217) 528-7375

John E. Sebastian, ARDC # 6230240
Clay M. Ullrick, ARDC# 6270760
HINSHAW & CULBERTSON, LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois  60601
312-704-3000

**John E. Sebastian is designated as Lead Counsel pursuant to Local Rule 11.2.**

60149643v1 858606

E-FILED
Monday, 31 July, 2006  11:24:56 AM
Clerk, U.S. District Court, ILCD

Exhibit 1

List of Bonds

| Job Name | Bond # | Bond Penalty |
|---|---|---|
| Camp Lincoln | 6271188 | $9,639,000.00 |
| Sysco Distribution Facility | 6358041 | $844,536.60 |
| Willard Ice | 6271175 | $1,015,000.00 |
| Forsyth Water Sys. Improvement | 6271182 | $1,352,000.00 |
| Heyworth North Pump Mods | 6271189 | $90,865.00 |
| Chandlerville Road Lift Station | 6271190 | $154,496.00 |
| Butler School | 6271191 | $2,133,000.00 |
| SMSD Spec Asses Swr | 6271210 | $130,523.37 |
| Peoria Road Sanitary Swr | 6271213 | $53,561.70 |
| 6th Street Swr Replace | 6271217 | $239,496.50 |
| New Berlin Door Replacement | 6271218 | $57,750.00 |
| Charleston Canopy | 6358039 | $71,019.00 |
| Roof IDOT Dist, 5 | 6358042 | $114,500.00 |

**E-FILED**
Monday, 31 July, 2006 11:25:07 AM
Clerk, U.S. District Court, ILCD

**SAFECO**

GENERAL AGREEMENT
OF INDEMNITY
FOR CONTRACTORS

SAFECO Insurance Company
PO Box 34526
Seattle, WA 98124-1526

THIS AGREEMENT is made by the Undersigned in favor of the SAFECO Insurance Companies for the purpose of indemnifying them from all loss and expense In connection with any Bonds for which any SAFECO Insurance Company now is or hereafter becomes Surety for any of the following as Principal: _Siciliano, Inc._

In consideration of the execution of any such Bonds for Contractor and as an inducement to such execution by Surety, the Undersigned, jointly and severally, agree as follows.

DEFINITIONS: Where they appear In this agreement, the following terms shall be considered as defined in this paragraph:

Contractor: Any one, combination of, or all of the persons, firms or corporations set forth above or their successors in interests, whether alone or in joint venture or as members in limited liability companies with others not named herein.

Bond: Any and all bonds, undertakings or instruments of guarantee and any continuation, extension, alteration, renewal or substitution thereof, whether with the same or different penalties, executed by Surety.

Surety: Any one or combination of the following: SAFECO Insurance Company of America; General Insurance Company of America; First National Insurance Company of America; SAFECO National Insurance Company; American States Insurance Company; American Economy Insurance Company; any person or company joining with any of the aforesaid companies in executing any Bond, executing any Bond at their request or providing reinsurance to them with respect to any Bond.

Contract: Any contract between Contractor and a third party, the performance of which is guaranteed by any Bond for which Surety is surety.

Default: Contractor shall be deemed to be in default under this agreement in the event it:

(1)   Is declared to be in default by the Obligee of any Bond;
(2)   Actually Breaches or abandons any Contract;
(3)   Fails to pay, to the extent due in whole or in part, claims, bills or other indebtedness incurred in connection with the performance of any Contract;
(4)   Becomes the subject of any agreement or proceeding of liquidation or receivership, or actually becomes insolvent;
(5)   If an individual, dies, is adjudged mentally incompetent, is convicted of a felony or disappears and cannot be immediately found by Surety by use of usual methods;
(6)   Breaches, fails to perform, or comply with, any provision of this agreement.

INDEMNITY TO SURETY: Undersigned agree to pay to Surety upon demand:

1.   All loss, costs and expenses of whatsoever kind and nature, including court costs, reasonable attorney fees (whether Surety at its sole option elects to employ its own attorney, or permits or requires Undersigned to make arrangements for Surety's legal representation), consultant fees, investigative costs and any other losses, costs or expenses incurred by Surety by reason of having executed any Bond, or incurred by it on account of any Default under this agreement by any of the Undersigned.

     In addition the Undersigned agree to pay to Surety Interest on all disbursements made by Surety in connection with such loss, costs and expenses incurred by Surety at the maximum rate permitted by law calculated from the date of each disbursement;
2.   An amount sufficient to discharge any claim made against Surety on any Bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond;
3.   Any original, additional or renewal premium due for any bond.

With respect to claims against Surety:

1.   Surety shall have the exclusive right for itself and the Undersigned to determine in good faith whether any claim or suit upon any Bond shall, on the basis of belief of liability, expediency or otherwise, be paid, compromised, defended or appealed.
2.   Surety may incur such expenses, including reasonable attorneys' fees, as deemed necessary or advisable in the investigation, defense and payment of such claims.
3.   Surety's determination in good faith of the foregoing shall be final and conclusive upon the Undersigned.
4.   An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned.

SURETY'S REMEDIES IN EVENT OF DEFAULT: In event of default by Contractor, Surety shall have the right, at its sole discretion, to:

1.   Take possession of the work under any and all Contracts and to arrange for its completion by others or by the Obligee of any Bond;
2.   Take possession of Contractor's or any of Undersigneds' equipment, materials and supplies at the site of the work, or elsewhere, if needed for prosecution of the work, as well as Contractor's office equipment, books and records, and utilize the same in completion of the work under the Contract without payment of any rental for such use;
3.   Loan or guarantee a loan to Contractor of such money as Surety shall see fit, for the purpose of completing any Contract, or for discharging Contractor's obligations for labor, material, equipment, supplies and other charges, incurred in connection with any contract;
4.   Take such other action as Surety shall deem necessary to fulfill its obligations under any Bond;

Undersigned waive all notice of su    fault, of the payment of any claim or of the mak    f any loan to Contractor by Surety. Should Undersigned learn of any claim or suit against Contractor, for which Surety may be held liable, Undersigned shall give prompt notice to Surety of such claim or suit.

Separate suits may be brought under this agreement as causes of action accrue, and the pendency or termination of any such suit shall not bar any subsequent action by Surety.

SECURITY TO SURETY: As collateral security to Surety for the agreement of the Undersigned to repay all loss and expense to Surety, the Undersigned:

1.  Assigns to Surety, as of the date of execution of any Bond, all rights of the Contractor in, or in any manner growing out of:
    a.  Any Contract or modification thereof;
    b.  Any subcontract or purchase order and against any legal entity and its surety who has contracted with Contractor to furnish labor, materials, equipment and supplies in connection with any Contract;
    c.  Monies due or to become due Contractor on any Contract, including all monies earned or unearned which are unpaid at the time of notification by Surety to the Obligee of Surety's rights hereunder;
    d.  Any actions, causes of action, claims or demands whatsoever which Contractor may have or acquire against any party to the Contract, or arising out of or in connection with any Contract including but not limited to those against obligees and design professionals and any surety or sureties of any obligee, and Surety shall have the full and exclusive right, in its name or in the name of the Contractor, but not the obligation, to prosecute, compromise, release or otherwise resolve such actions, causes of action, claims or demands;
    e.  Any and all rights, title, interest in, or use of any patent, copyright or trade secret which is or may be necessary for the completion of any bonded work;
    f.  All monies due or to become due Contractor on any policy of insurance relating to any claims arising out of the performance of any Contract or to premium refunds, including, but not limited to, builders risk, fire, employee dishonesty or workers' compensation policies.

. The Surety agrees to forbear exercising the rights granted to it in (a) through (f) until there is a Default under this agreement;

2.  Irrevocably nominate and appoint any officer of Surety as the true and lawful attorney-in-fact of the Undersigned, with full right and authority in event of Contractor's default to:
    a.  Sign the name of the Undersigned to any voucher, release, satisfaction, check, bill of sale of property referred to herein, or any other paper or contract necessary or desired to carry into effect the purposes of this agreement;
    b.  Dispose of performance of any Contract by subletting it in Contractor's name or otherwise;
3.  Authorize Surety to join any and all of the Undersigned as parties defendant in any action, regardless of venue, against Surety on account of any Bond, and to enforce the obligations hereunder directly against any of the Undersigned without the necessity of first proceeding against the Contractor;
4.  Agree that all monies earned by Contractor under any Contract are trust funds, whether in the possession of Contractor or otherwise, for the benefit of, and for payment of Contractor's obligations for, labor, material, and supplies furnished to Contractor in performance of such Contract for which Surety would be liable under any Bond on such Contract;
5.  Agree that this agreement may at any time be completed and filed by Surety in such a manner that it will qualify as a financing statement under the applicable provisions of any statute of any state which has adopted The Uniform Commercial Code, and that Surety may add such schedules to this agreement, describing specific items of security covered hereunder as shall be necessary under such statutes.

GENERAL PROVISIONS:

1.  Assent by Surety to changes in any Contract or Bond or refusal to assent shall not release or affect the obligations of Undersigned to Surety even though any such assent by the Surety does or might increase the liability of the Undersigned.
2.  Surety has the right to decline to execute, provide or procure any bond requested by Contractor. If Surety does execute, provide or procure the execution of a bid bond or proposal bond, or agrees or consents to provide such contract of suretyship, Surety retains the right to decline to execute the final bond (including, but not limited to, performance, payment or maintenance bonds) that may be required in connection with any award that may be made under the bid proposal or tender to which the bid proposal bond or agreement or consent to provide such contract of suretyship is given.
3.  Surety shall have every right, defense or remedy which a personal surety without compensation would have, including the right of exoneration and the right of subrogation.
4.  Until Surety shall have been furnished with competent evidence of its discharge, without loss from any Bonds, Surety shall have the right to free access at reasonable times to the books, records and accounts of each of the Undersigned for the purpose of examining, copying or reproducing them. Each one of the Undersigned hereby authorizes any depositories in which funds of any of the Undersigned may be deposited to furnish to Surety the amount of such deposits as of any date requested, and any legal entity doing business with the undersigned is authorized to furnish any information requested by Surety concerning any transaction. Surety may furnish in confidence copies of any information, which it now has or may hereafter obtain concerning each of the Undersigned, to other persons or companies for the purpose of procuring co-suretyship or reinsurance or of advising interested persons or companies.
5.  The undersigned will, on request of Surety, procure the discharge of Surety from any Bond and all liability by reason thereof. If such discharge is unattainable, the Undersigned will, if requested by Surety, either deposit collateral with Surety, acceptable to Surety, sufficient to cover all exposure under such bond or bonds, or make provisions acceptable to Surety for the funding of the bonded obligation(s).
6.  Undersigned warrant that each of them is specifically and beneficially interested in the obtaining of each Bond.
7.  In case the execution hereof by any of the Undersigned may be defective or invalid for any reason, such defect or invalidity shall not in any manner affect the validity of this obligation or the liability hereunder of any other of the Undersigned. Invalidity of any provision of this agreement by reason of the laws of any state or for any other reason shall not render the other provisions hereof invalid.
8.  Execution by Contractor or any of the Undersigned of any application for any Bond or of any other agreement of indemnity in behalf of Contractor, or the taking of indemnity of any other person by Surety with respect to any Bond of Contractor, shall in no way be deemed to waive, diminish or abrogate any rights of Surety under this agreement.
9.  The Undersigned waive and subordinate all rights of indemnity, subrogation and contribution each against the other until all obligations to the Surety under this agreement, at law or in equity, have been satisfied in full.
10. The rights and remedies afforded to the Surety by the terms of this agreement and the terms themselves may not be waived or modified orally and no written change or modification shall be effective until signed by an employee of the Surety.
11. This agreement is to be liberally construed so as to protect, exonerate and indemnify the Surety.
12. All parties agree that any microfilmed, scanned or electronically digitized copy of this document made by Surety as part of its record

TERMINATION: This agreement is a continuing obligation of the Undersigned unless terminated as provided in this paragraph. An Undersigned desiring to terminate liability as to future Bonds of Contractor must:

1.  Give written notice to Surety at Seattle, Washington 98185, by certified or registered mail, of such termination;
2.  State in such notice the effective date (not less than thirty days after the receipt of notice by Surety) of termination of such Undersigned's liability for future Bonds.
3.  It is understood and agreed that oral notice to or constructive notice to any agent or employee of Surety shall not constitute effective notice of termination under this agreement.

After the effective date of termination, the Undersigned giving notice shall be liable hereunder for:

1.  Bonds executed or authorized prior to such date, and renewals and extensions thereof;
2.  Bonds executed pursuant to a bid or proposal bond executed or authorized prior to such date, and renewals and extensions thereof.

Such termination of liability as to an Undersigned shall in no way affect the obligation of any other Undersigned who has not given notice as herein provided.

EXECUTED this ___25th___ day of ___September___, ___2005___

Siciliano, Inc.

Attest: _____
Mary Kim Lawrence, Secretary

By: _____
Richard E. Lawrence, President

_____
Mary Kim Lawrence, Individually

_____
Richard E. Lawrence, Individually

K& R Properties, Inc.

Attest: _____
Richard E. Lawrence, Secretary

By: _____
Mary Kim Lawrence, President

ALL SIGNATURES MUST BE ACKNOWLEDGED.

5/2005 15:30 FAX 3147211426          ALLIED MID AMERICA

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF Illinois
COUNTY OF Sangamon                      } ss.
On this 25th day of Sept , 2003 . before me personally appeared ·
Richard E. Lawrence and Mary Kim Lawrence , to me known and known to me to be the person
described in and who executed the foregoing agreement and acknowledged that they executed the same for the purposes, considerations
and uses therein set forth as their free and voluntary act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL, the day and year first above written.

OFFICIAL SEAL
DARRELYN COLEASH
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. JUNE 28, 2004

Notary Public, residing at Ruston , IL
(Commission expires 6/28/04 )

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF _____
COUNTY OF _____                      } ss.
On this _____ day of _____ , _____ , before me personally appeared _____ to me known and known to me to be the person
described in and who executed the foregoing agreement and acknowledged that _____ executed the same for the purposes, considerations
and uses therein set forth as _____ free and voluntary act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL, the day and year first above written.

(SEAL)                        Notary Public, residing at _____
                              (Commission expires _____ )

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF _____
COUNTY OF _____                      } ss.
On this _____ day of _____ , _____ , before me personally appeared _____
_____ , to me known to be the (a)
_____ of _____ , the Limited Liability Company executing the foregoing instrument, and
acknowledged said instrument to be the free and voluntary act and deed of said Limited Liability Company, for the uses and purposes therein
mentioned and on oath stated _____ signed said instrument by authority of the Limited Liability Company's operating agreement.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL, the day and year first above written.

(SEAL)                        Notary Public, residing at _____
                              (Commission expires _____ )

## CORPORATE ACKNOWLEDGMENT

STATE OF Illinois
COUNTY OF Sangamon                      } ss.
On this 25th day of Sept , 2003 , before me personally appeared _____
Richard E. Lawrence        and    Mary Kim Lawrence , to me known to be
President                  and    Secretary _____
of Siciliano, Inc. _____
the corporation executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said
corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of said corporation and that
was affixed and that they executed said instrument by order of the Board of Directors of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL, the day and year first above written.

OFFICIAL SEAL
DARRELYN COLEASH
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. JUNE 28, 2004

Notary Public, residing at Ruston , IL
(Commission expires 6/28/04 )

IF ADDITIONAL ACKNOWLEDGEMENTS ARE NEEDED
USE S-802 (INDIVIDUAL) OR S-803 (CORPORATE)

CORPORATE ACKNOWLEDGMENT

TE OF _Illinois_

INTY OF _Sangamon_ } ss.

his ___25th___ day of ___Sept___, _2003_, before me personally appeared
ty _Kim Lawrence_ and _Richard E. Lawrence_, to me known to be
esident _____ and _Secretary_ of _K&R Properties, Inc._
corporation executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of
corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of said
oration and that it was affixed and that ___they___ executed said instrument by order of the Board of Directors
aid corporation.

VITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL, the day and year first above written.

Darrilyn Goleash

Notary Public, residing at _Riverton, IL_
(Commission expires ___6/28/04___ )

DARREN Goleash
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. JUNE 28 2004

All parties agree that any microfilmed, scanned or electronically digitized copy of this document made by
Surety at part of its record storage and retention program shall be as effective as the original for all purposes

JS 44C/SDNY
REV. 1/2005
06-cv-03162-JES-CHE      # 1-5      Page 1 of 1
E-FILED
Monday, 31 July, 2006 11:27:18 AM
Clerk, U.S. District Court, ILCD

# CIVIL COVER SHEET

The JS – 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**1.(a) PLAINTIFFS**

Safeco Insurance Company

**DEFENDANTS**

Siciliano, Inc. K&R Properties, Inc., Richard E. Lawrence, and Mary Kim Lawrence

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  King County, Washington
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT_____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Edward R. Gower
Hinshaw & Culbertson LLP
400 south Ninth, Suite 200
Springfield, IL 62701

ATTORNEYS (IF KNOWN)

Stanley Wasser
Feldman, Wasser, Draper & Benson
1307 South Seventh Street
Springfield, IL 62703

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans Excl. Veterans
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury – Med. Malpractice
- [ ] 365 Personal injury – Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Torts Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights'

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
HABEAS CORPUS:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Breach of Contract

**VII REQUESTED IN COMPLAINT**      CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23      DEMAND $      CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES  [X] NO

**VIII RELATED CASE(S) IF ANY**      (See Instructions):      JUDGE      DOCKET NUMBER  06-3162

DATE  July 28, 2006      SIGNATURE OF ATTORNEY OF RECORD  Edward R Gower

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

E-FILED
Thursday, 31 August, 2006  11:12:05 AM
Clerk, U.S. District Court, ILCD

Exhibit 3



**HINSHAW**
& CULBERTSON LLP

ATTORNEYS AT LAW
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081

T 312-704-3000
F 312-704-3001
www.hinshawlaw.com

January 20, 2006

Stanley N. Wasser, Esq.
Feldman Wasser Draper & Benson
1307 S. Seventh Street
Springfield, Illinois

> Re:   Contractor:   Siciliano, Inc.
>        Surety:       Safeco Insurance Company
>        Matter:       Indemnity

Dear Stanley:

As the attorney for Siciliano, Inc., K&R Properties, Inc., Rick Lawrence, and Mary Lawrence [collectively referred to as the "Indemnitors"], on behalf of Safeco Insurance Company ("Safeco") as more fully stated below, I am writing to provide formal notice to the Indemnitors regarding the Joint Control Agreement, Safeco's loss to date, and Safeco's demand to be indemnified and exonerated.

### The Joint Control Agreement

Pursuant to Section IV "Termination" of the Joint Control Trust Account Agreement (the "Agreement"), Safeco does hereby provide formal notice to the Indemnitors that Safeco is terminating the Joint Control Agreement. Also, I am writing to provide the Indemnitors the current amount incurred by Safeco in connection with the bonds Safeco issued on behalf of Siciliano. (See list of payments made by Safeco to Siciliano, Siciliano's project vendors, and for expenses, attached hereto as Exhibit 1)  As listed on Exhibit 1, after the contract funds received by Safeco have been deducted from the amount incurred by Safeco, as of December, 2005, Safeco is currently owed $620,270.46, plus interest.

### The Indemnity Agreement

The Indemnitors agreed to indemnify and hold Safeco harmless for all of Safeco's costs and expenses incurred in connection with Safeco issuing bonds on behalf of Siciliano and in enforcing the terms of the General Agreement of Indemnity (the "Indemnity Agreement"). (A copy of the Indemnity Agreement is attached hereto as Exhibit 2)  Specifically, the Indemnity Agreement provides, in relevant part, the following:

Stanley Wasser, Esq.
January 20, 2006
Page 2

**INDEMNITY TO SURETY:** Undersigned agree to pay to Surety upon demand:

1.  All loss, costs and expenses of whatsoever kind and nature, including court costs, reasonable attorney fees (whether Surety at its sole option elects to employ its own attorney, or permits or requires Undersigned to make arrangements for Surety's legal representation); consultant fees, investigative costs and any other losses, costs or expenses incurred by Surety by reason of having executed any Bond, or incurred by it on account of any Default under this agreement by any of the Undersigned. In addition the Undersigned agree to pay to Surety interest on all disbursements made by Surety in connection with such loss, costs and expenses incurred by Surety at the maximum rate permitted by law calculated from the date of each disbursement;

2.  An amount sufficient to discharge any claim made against Surety on any Bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond;

3.  Any original, additional or renewal premium due for any bond.

With respect to claims against Surety:

1.  Surety shall have the exclusive right for itself and the undersigned to determine in good faith whether any claim or suit upon any Bond shall, on the basis of belief of liability, expediency or otherwise, be paid, compromised, defended or appealed.

2.  Surety may incur such expenses, including reasonable attorneys' fees, as deemed necessary or advisable in the investigation, defense and payment of such claims.

3.  Surety's determination in good faith of the foregoing shall be final and conclusive upon the undersigned.

4.  An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned.

(See Indemnity Agreement, Exhibit 2)

In accordance with Paragraph 4 of the "With Respect to claims against Surety", attached hereto as Exhibit 3 is an affidavit from Jason Stonefeld Senior Claims Representative of Safeco, attesting to the payments made by Safeco to date. Pursuant to the Indemnity Agreement, Safeco demands that on or before January 27, 2006 the Indemnitors make arrangements, acceptable to Safeco, to reimburse Safeco the amount Safeco has current incurred as of December, 2005 in the amount of $620,270.46, plus interest. (See Mr. Stonefeld's Affidavit and the Indemnity Agreement, Exhibits 1 and 2)

The Indemnity Agreement requires that the Indemnitors to post collateral upon Safeco's demand for any claims filed against Safeco. Specifically, the Indemnity Agreement provides, in relevant part, the following:

2.  An amount sufficient to discharge any claim made against Surety on any Bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond;

(See Indemnity Agreement, Exhibit 2)

6017813v1 026

Stanley Wasser, Esq.
January 20, 2006
Page 3


As your clients are well aware of, Safeco has received numerous payment and performance bond claims. Pursuant to Paragraph 2 of "Indemnity To Surety" provision of the Indemnity Agreement, on or before January 27, 2006 Safeco hereby demands that the Indemnitors make arrangements, acceptable to Safeco, to post collateral with Safeco in the amount of $1,059,253. The amount requested represents what Safeco believes is what it will be required to expend, after deducting contract funds that it expects to recover, in order to discharge its obligations under the bonds it issued on behalf of Siciliano. The $1,059,253 is an estimate of Safeco's exposure to discharge its obligations under the bonds as of November, 2005 and, as such, the amount requested is subject to be modified.

Separate and apart from the above, the Indemnity Agreement requires that upon the request of Safeco that the Indemnitors exonerate and replace Safeco on a bond. Specifically, the "General Provisions" of Indemnity Agreement provide, in relevant part, the following:

5.    The undersigned will, on request of Surety, procure the discharge of Surety from any Bond and all liability by reason thereof. If such discharge is unattainable, the Undersigned will, if requested by Surety, either deposit collateral with Surety, acceptable to Surety, sufficient to cover all exposure under such bond or bonds, or make provisions acceptable to Surety for the funding of the bonded obligation(s).

Pursuant to the above provision, Safeco hereby requests that for the City of Springfield Public School District 186 – Butler Elementary Project (the "Butler Project"), Bond Number 6271191, on or before January 27, 2006, the Indemnitors procure the discharge of Safeco's on the Butler Project or the Indemnitors post collateral with Safeco in the amount of the penal sum of the bond which totals $2,133,000. If the Indemnitors do not obtain Safeco's discharge or post collateral as stated herein by January 27th, Safeco will exercise its rights under the Indemnity Agreement and re-let the Project to another contractor.

If the Indemnitors have not complied with Safeco's demands provided above by January 27th, Safeco will immediately take all steps available to protect and enforce its rights under the Indemnity Agreement, the bonded contracts, and the law.

If you would like to discuss this matter, please contact me. Nothing contained in this letter shall be deemed a waiver of any of Safeco's rights and defenses and Safeco expressly reserves all of its rights and defenses under the bonds, the Indemnity Agreement, any other agreements, and the law. Safeco also reserves the right to demand additional collateral from the Indemnitors for, among other things, pending claims which Safeco is currently investigating, for future claims that may be asserted against the bonds, and additional costs and expenses.

Stanley Wasser, Esq.
January 20, 2006
Page 4


Very truly yours,

HINSHAW & CULBERTSON LLP

By: _____

John E. Sebastian
Direct (312)704-3894
jsebastian@hinshawlaw.com

JES
Enclosures
cc:    Jason Stonefeld, Esq.