IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
CENTRAL DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY, a Washington Corporation, )<br><br>Plaintiff,<br>v.<br><br>SICILIANO, INC. an Illinois corporation, K&R PROPERTIES,. INC., RICHARD E. LAWRENCE, and MARY KIM LAWRENCE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) No.  06 CV 3162<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR LEAVE TO CORRECT EXHIBIT ATTACHED TO COMPLAINT

Safeco Insurance Company ("Safeco"), by and through its attorneys, John E. Sebastian, Edward R. Gower and Clay M. Ullrick of Hinshaw & Culbertson LLP, pursuant to Rule 15 of the Federal Rules of Civil Procedure sets forth the following Motion for Leave to Correct Exhibit 3 attached to Safeco's Complaint:

1. Safeco filed its complaint against the defendants on July 28, 2006.

2. Safeco's counsel mistakenly attached to its complaint the incorrect Exhibit. Specifically, Exhibit 3 attached to Safeco's complaint contains documents to an unrelated matter.

3. In accordance with Rule 15 of the Federal Rules of Civil Procedure, Safeco seeks leave of this Court to replace Exhibit 3 attached to its complaint with the corrected Exhibit 3, attached hereto, which contains the correct document.

4. Because the defendants do not have to file their answer to the complaint until September 30, 2006, the defendants will not be prejudiced by Safeco's request to correct Exhibit

1

WHEREFORE, for the foregoing reasons, Safeco Insurance Company respectfully requests that this Court grant Safeco leave to amend its Complaint, *instanter*, by replacing Exhibit 3 attached to its complaint with the attached Exhibit 3.

**Safeco Insurance Company**

By: /s/ John E. Sebastian
One of its Attorneys

| | |
|---|---|
| Edward R. Gower, ARDC #3127966 | John E. Sebastian, ARDC # 6230240 |
| HINSHAW & CULBERTSON LLP | Clay M. Ullrick, ARDC# 6270760 |
| 400 South Ninth Street, Suite 200 | HINSHAW & CULBERTSON, LLP |
| Springfield, IL 62701-1908 | 222 North LaSalle Street, Suite 300 |
| (217) 528-7375 | Chicago, Illinois 60601 |
| | 312-704-3000 |

E-FILED
Friday, 25 August, 2006 03:55:53 PM
Clerk, U.S. District Court, ILCD

Exhibit 3

# HINSHAW
& CULBERTSON LLP

ATTORNEYS AT LAW
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081

T 312-704-3000
F 312-704-3001
www.hinshawlaw.com

January 20, 2006

Stanley N. Wasser, Esq.
Feldman Wasser Draper & Benson
1307 S. Seventh Street
Springfield, Illinois

  Re: Contractor: Siciliano, Inc.
     Surety:  Safeco Insurance Company
     Matter:  Indemnity

Dear Stanley:

As the attorney for Siciliano, Inc., K&R Properties, Inc., Rick Lawrence, and Mary Lawrence [collectively referred to as the "Indemnitors"], on behalf of Safeco Insurance Company ("Safeco") as more fully stated below, I am writing to provide formal notice to the Indemnitors regarding the Joint Control Agreement, Safeco's loss to date, and Safeco's demand to be indemnified and exonerated.

### The Joint Control Agreement

Pursuant to Section IV "Termination" of the Joint Control Trust Account Agreement (the "Agreement"), Safeco does hereby provide formal notice to the Indemnitors that Safeco is terminating the Joint Control Agreement. Also, I am writing to provide the Indemnitors the current amount incurred by Safeco in connection with the bonds Safeco issued on behalf of Siciliano. (See list of payments made by Safeco to Siciliano, Siciliano's project vendors, and for expenses, attached hereto as Exhibit 1) As listed on Exhibit 1, after the contract funds received by Safeco have been deducted from the amount incurred by Safeco, as of December, 2005, Safeco is currently owed $620,270.46, plus interest.

### The Indemnity Agreement

The Indemnitors agreed to indemnify and hold Safeco harmless for all of Safeco's costs and expenses incurred in connection with Safeco issuing bonds on behalf of Siciliano and in enforcing the terms of the General Agreement of Indemnity (the "Indemnity Agreement"). (A copy of the Indemnity Agreement is attached hereto as Exhibit 2) Specifically, the Indemnity Agreement provides, in relevant part, the following:

Stanley Wasser, Esq.
January 20, 2006
Page 2

**INDEMNITY TO SURETY:** Undersigned agree to pay to Surety upon demand:

1. All loss, costs and expenses of whatsoever kind and nature, including court costs, reasonable attorney fees (whether Surety at its sole option elects to employ its own attorney, or permits or requires Undersigned to make arrangements for Surety's legal representation); consultant fees, investigative costs and any other losses, costs or expenses incurred by Surety by reason of having executed any Bond, or incurred by it on account of any Default under this agreement by any of the Undersigned. In addition the Undersigned agree to pay to Surety interest on all disbursements made by Surety in connection with such loss, costs and expenses incurred by Surety at the maximum rate permitted by law calculated from the date of each disbursement;

2. An amount sufficient to discharge any claim made against Surety on any Bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond;

3. Any original, additional or renewal premium due for any bond.

With respect to claims against Surety:

1. Surety shall have the exclusive right for itself and the undersigned to determine in good faith whether any claim or suit upon any Bond shall, on the basis of belief of liability, expediency or otherwise, be paid, compromised, defended or appealed.

2. Surety may incur such expenses, including reasonable attorneys' fees, as deemed necessary or advisable in the investigation, defense and payment of such claims.

3. Surety's determination in good faith of the foregoing shall be final and conclusive upon the undersigned.

4. An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned.

(See Indemnity Agreement, Exhibit 2)

In accordance with Paragraph 4 of the "With Respect to claims against Surety", attached hereto as Exhibit 3 is an affidavit from Jason Stonefeld Senior Claims Representative of Safeco, attesting to the payments made by Safeco to date. Pursuant to the Indemnity Agreement, Safeco demands that on or before January 27, 2006 the Indemnitors make arrangements, acceptable to Safeco, to reimburse Safeco the amount Safeco has current incurred as of December, 2005 in the amount of $620,270.46, plus interest. (See Mr. Stonefeld's Affidavit and the Indemnity Agreement, Exhibits 1 and 2)

The Indemnity Agreement requires that the Indemnitors to post collateral upon Safeco's demand for any claims filed against Safeco. Specifically, the Indemnity Agreement provides, in relevant part, the following:

2. An amount sufficient to discharge any claim made against Surety on any Bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond;

(See Indemnity Agreement, Exhibit 2)

Stanley Wasser, Esq.
January 20, 2006
Page 3

As your clients are well aware of, Safeco has received numerous payment and performance bond claims. Pursuant to Paragraph 2 of "Indemnity To Surety" provision of the Indemnity Agreement, on or before January 27, 2006 Safeco hereby demands that the Indemnitors make arrangements, acceptable to Safeco, to post collateral with Safeco in the amount of $1,059,253. The amount requested represents what Safeco believes is what it will be required to expend, after deducting contract funds that it expects to recover, in order to discharge its obligations under the bonds it issued on behalf of Siciliano. The $1,059,253 is an estimate of Safeco's exposure to discharge its obligations under the bonds as of November, 2005 and, as such, the amount requested is subject to be modified.

Separate and apart from the above, the Indemnity Agreement requires that upon the request of Safeco that the Indemnitors exonerate and replace Safeco on a bond. Specifically, the "General Provisions" of Indemnity Agreement provide, in relevant part, the following:

5.  The undersigned will, on request of Surety, procure the discharge of Surety from any Bond and all liability by reason thereof. If such discharge is unattainable, the Undersigned will, if requested by Surety, either deposit collateral with Surety, acceptable to Surety, sufficient to cover all exposure under such bond or bonds, or make provisions acceptable to Surety for the funding of the bonded obligation(s).

Pursuant to the above provision, Safeco hereby requests that for the City of Springfield Public School District 186 – Butler Elementary Project (the "Butler Project"), Bond Number 6271191, on or before January 27, 2006, the Indemnitors procure the discharge of Safeco's on the Butler Project or the Indemnitors post collateral with Safeco in the amount of the penal sum of the bond which totals $2,133,000. If the Indemnitors do not obtain Safeco's discharge or post collateral as stated herein by January 27th, Safeco will exercise its rights under the Indemnity Agreement and re-let the Project to another contractor.

If the Indemnitors have not complied with Safeco's demands provided above by January 27th, Safeco will immediately take all steps available to protect and enforce its rights under the Indemnity Agreement, the bonded contracts, and the law.

If you would like to discuss this matter, please contact me. Nothing contained in this letter shall be deemed a waiver of any of Safeco's rights and defenses and Safeco expressly reserves all of its rights and defenses under the bonds, the Indemnity Agreement, any other agreements, and the law. Safeco also reserves the right to demand additional collateral from the Indemnitors for, among other things, pending claims which Safeco is currently investigating, for future claims that may be asserted against the bonds, and additional costs and expenses.

Stanley Wasser, Esq.
January 20, 2006
Page 4

Very truly yours,

HINSHAW & CULBERTSON LLP

By: _____
John E. Sebastian
Direct (312)704-3894
jsebastian@hinshawlaw.com

JES
Enclosures
cc:   Jason Stonefeld, Esq.