IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY<br><br>  Plaintiff,<br><br>  v.<br><br>SICILIANO, INC., K&R PROPERTIES, INC., RICHARD E. LAWRENCE, and MARY KIM LAWRENCE<br><br>  Defendants. | No.: 06-3162 |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants SICILIANO, INC., K&R PROPERTIES, INC., RICHARD E. LAWRENCE, and MARY KIM LAWRENCE, by their attorneys Howard W. Feldman and Stanley N. Wasser of Feldman, Wasser, Draper & Benson, and for their Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

**ANSWER**

1. Defendants admit the allegations of paragraph 1.

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Defendants admit the allegations of paragraph 6.

*FELDMAN, WASSER*
*DRAPER & BENSON*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

7. Defendants admit the allegations of paragraph 7.

8. Defendants admit the allegations of paragraph 8.

9. Defendants admit the allegations of paragraph 9.

10. Defendants admit the allegations of paragraph 10.

11. Defendants admit the allegations of the first sentence of paragraph 11. Defendants admit that Plaintiff has correctly quoted language from the Indemnity Agreement. The remaining allegations of paragraph 11, being Plaintiff's characterization of the Indemnity Agreement, are not allegations of fact but allegations of law or conclusions of fact to which no answer is required.

12. Defendants admit the allegations of the first sentence of paragraph 12. Defendants admit that Plaintiff has correctly quoted language form the Indemnity Agreement. The remaining allegations of paragraph 12, being Plaintiff's characterization of the Indemnity Agreement, are not allegations of fact but allegations of law or conclusions of fact to which no answer is required.

13. Defendants admit the allegations of the first sentence of paragraph 13. Defendants admit that Plaintiff has correctly quoted language form the Indemnity Agreement. The remaining allegations of paragraph 13, being Plaintiff's characterization of the Indemnity Agreement, are not allegations of fact but allegations of law or conclusions of fact to which no answer is required.

*FELDMAN, WASSER*
*DRAPER & BENSON*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

2

14. Defendants admit the allegations of paragraph 14 except that Defendants deny that Plaintiff has been sued against its performance bonds and Defendants deny that Plaintiff has received "numerous" performance bond claims.

15. Defendants admit the allegations of paragraph 15 except that Defendants deny that Plaintiff is entitled to the full indemnification and collateral posting that Plaintiff demanded.

16. Defendants are without sufficient information to either admit or deny the allegation in the first sentence of paragraph 16. Defendants deny the allegation in the second sentence of paragraph 16.

**Count I**

17. Defendants adopt and reallege their answer to paragraphs 1 through 16 as and for their answer to paragraphs 1 through 16 of Count I of Plaintiff's Complaint, as though fully set forth herein.

18. Paragraph 18 is an allegation of a legal conclusion for which no answer is required.

19. Defendants deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

Wherefore, Defendants SICILIANO, INC., K&R PROPERTIES, INC., RICHARD E. LAWRENCE, and MARY KIM LAWRENCE, pray that this Court enter judgment in their favor and against Plaintiff on Count I of Plaintiff's Complaint, and

*FELDMAN, WASSER*
*DRAPER & BENSON*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

3

award Defendants their costs and such further relief as this Court deems just and equitable.

**Count II**

21. Defendants adopt and reallege their answer to paragraphs 1 through 20 as and for their answer to paragraphs 1 through 20 of Count II of Plaintiff's Complaint, as though fully set forth herein.

22. Defendants admit that Plaintiff has made demand for indemnity and for collateral in the amount of claims asserted, however Defendants deny that the collateral Plaintiff has demanded represents the current total amount of pending claims asserted against the bonds issued by the Plaintiff, net of recovery of contract funds.

23. Paragraph 23 is an allegation of a legal conclusion to which no answer is required.

24. Paragraph 24 is an allegation of a legal conclusion to which no answer is required.

25. Defendants deny the allegations of paragraph 25.

26. Paragraph 26 is an allegation of a legal conclusion to which no answer is required.

Wherefore, Defendants SICILIANO, INC., K&R PROPERTIES, INC., RICHARD E. LAWRENCE, and MARY KIM LAWRENCE, pray that this Court enter

*FELDMAN, WASSER DRAPER & BENSON*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

4

judgment in their favor and against Plaintiff on Count II of Plaintiff's Complaint, and award Defendants their costs and such further relief as this Court deems just and equitable.

**Count III**

27. Defendants adopt and reallege their answer to paragraphs 1 through 26 as and for their answer to paragraphs 1 through 26 of Count III of Plaintiff's Complaint, as though fully set forth herein.

28. Defendants admit the allegations of paragraph 28 except deny the implication from the allegation that Plaintiff is entitled to the indemnity and hold harmless that it demanded of Defendants.

29. Defendants admit the allegations of paragraph 29 except deny the implication from the allegation that Plaintiff is entitled to the indemnity and hold harmless that it demanded of Defendants.

30. Paragraph 30 is an allegation of a legal conclusion to which no answer is required.

Wherefore, Defendants SICILIANO, INC., K&R PROPERTIES, INC., RICHARD E. LAWRENCE, and MARY KIM LAWRENCE, pray that this Court enter judgment in their favor and against Plaintiff on Count III of Plaintiff's Complaint, and award Defendants their costs and such further relief as this Court deems just and equitable.

*FELDMAN, WASSER*
*DRAPER & BENSON*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

5

**Count IV**

31.     Defendants adopt and reallege their answer to paragraphs 1 through 30 as and for their answer to paragraphs 1 through 30 of Count IV of Plaintiff's Complaint, as though fully set forth herein.

32.     Paragraph 32 is an allegation of a legal conclusion to which no answer is required.

33.     Paragraph 33 is an allegation of a legal conclusion to which no answer is required.

34.     Paragraph 34 is an allegation fo a legal conclusion to which no answer is required. Defendants further state that they have to date furnished all information to Plaintiff that Plaintiff has requested, including allowing Plaintiff to examine the books and records of Siciliano.

35.     Paragraph 35 is an allegation of a legal conclusion to which no answer is required. Defendants further state that they deny the allegations of paragraph 35.

36.     Paragraph 36 is an allegation of a legal conclusion to which no answer is required. Defendants further state that Siciliano has not been declared in default on any contract bonded by Plaintiff.

37.     Paragraph 35 is an allegation of a legal conclusion to which no answer is required. Defendants further state that they deny that Plaintiff has any right to exercise any of the alleged authority or power in bad faith.

*FELDMAN, WASSER*
*DRAPER & BENSON*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

6

38. Paragraph 38 is an allegation of a legal conclusion to which no answer is required.

39. Defendants deny the allegations of paragraph 39.

40. Paragraph 40 is an allegation of a legal conclusion to which no answer is required.

41. Paragraph 41 is an allegation of a legal conclusion to which no answer is required.

Wherefore, Defendants SICILIANO, INC., K&R PROPERTIES, INC., RICHARD E. LAWRENCE, and MARY KIM LAWRENCE, pray that this Court enter judgment in their favor and against Plaintiff on Count IV of Plaintiff's Complaint, and award Defendants their costs and such further relief as this Court deems just and equitable.

**AFFIRMATIVE DEFENSES AS TO ALL COUNTS**

1. At the time Plaintiff demanded indemnification and the posting of collateral, and even to present date, Plaintiff was and is aware that Defendant has no ability to make payment of the indemnity nor post the collateral demanded by Plaintiff in that all of the assets of the Defendants are pledged as collateral to Carrollton Bank which holds a higher priority securing interest in Defendants' assets than does Plaintiff and that in addition, St. Paul Fire and Marine Insurance Company, who has filed a similar lawsuit against Defendants, has claimed a right to all of Defendants'

*FELDMAN, WASSER DRAPER & BENSON*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

7

assets. Thus, Plaintiff has made demand for performance by Defendants for which it is impossible for Defendants to perform.

2. To the extent Plaintiff has incurred unreasonable expenses, including attorneys fees, in connection with the performance of its bond obligations, Plaintiff has failed to mitigate its damages and Plaintiff is the cause of its own loss for which Plaintiff now seeks indemnification and/or the posting of collateral.

3. If Plaintiff paid legal bills and other expenses in violation of its own billing guidelines, such facts would establish that Plaintiff acted in bad faith and thus Plaintiff has violated its obligations to act with good faith and fair dealing towards Defendants and Plaintiff should be barred and estopped from recovering any such claimed losses from Defendants.

4. Upon information and belief Plaintiff has failed to mitigate its damages on the Camp Lincoln, SYSCO and Butler School projects by refusing to allow Defendant Siciliano, Inc. to complete these projects. Discovery may reveal that Plaintiff has failed to mitigate its damages on other projects.

5. Upon information and belief Plaintiff breached its duty of good faith and fair dealing that it owed to Defendants when Plaintiff refused to defend Defendant Siciliano's right to continue work on the State of Illinois Capital Development Board ("CDB") Camp Lincoln project after CDB wrongfully terminated Defendant Siciliano's contract for that project.

*FELDMAN, WASSER DRAPER & BENSON*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

8

6.  Plaintiff breached its duty of good faith and fair dealing that it owes to Defendants and Plaintiff breached its contractual commitment to Defendant Siciliano by communicating to various public project owners that Defendant Siciliano was agreeing to be defaulted on the project so that Plaintiff could seize and control all contract funds when Plaintiff had not made payments to payment bond claimants, when the public project owners had not contemplated defaulting Defendant Siciliano, when Defendant Siciliano was not in default of its performance obligations on the project, and when Defendant Siciliano had not consented to being defaulted.  As a consequence of Defendant Siciliano being unable to access said contract funds, Defendant Siciliano was unable to pay its contract obligations, resulting in payment bond claims being made against Plaintiff.  By reason of Plaintiff's wrongful actions, Plaintiff is estopped from enforcing indemnity and collateral posting obligations against Defendants for losses and risks of losses which Plaintiff caused by its own wrongful conduct.

7.  Upon information and belief, Plaintiff wrongfully induced Defendant Siciliano to execute letters of default under the terms of a Joint Control Trust Account Agreement pursuant to which Plaintiff agreed to provide financial assistance to Defendant Siciliano which Defendant Siciliano needed due to circumstances beyond its control to continue performing its construction contract obligations, when Plaintiff had no intention of living up to its obligations under said Agreement in order to obtain control of construction contract funds that would have otherwise been paid to

*FELDMAN, WASSER*
*DRAPER & BENSON*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

9

Defendant Siciliano. As a consequence of Defendant Siciliano being unable to access said contract funds, Defendant Siciliano was unable to pay its contract obligations, resulting in payment bond claims being made against Plaintiff. By reason of Plaintiff's wrongful actions, Plaintiff is estopped from enforcing indemnity and collateral posting obligations against Defendants for losses and risks of losses which Plaintiff caused by its own wrongful conduct.

8. Plaintiff is seeking indemnification and posting of collateral for claimed losses on the IDOT Clinton Maintenance Facility roof replacement project even though the project owner rescinded the award of the contract for said project to Defendant Siciliano and released Plaintiff from its bond, thus relieving Plaintiff from any liability as surety for Defendant Siciliano on said project.

9. Upon information and belief Plaintiff had sufficient contract funds available to it on the SYSCO project to fully indemnify and collateralize Plaintiff against its claimed losses on said project for which it seeks indemnification and collateralization from Defendants.

10. Upon information and belief, Plaintiff's demand for indemnification and collateralization which Plaintiff alleges was not complied with by Defendants and for which Plaintiff now brings suit was not based upon a good faith evaluation of the bonded contracts for which Plaintiff seeks indemnification and collateralization in that at the time Plaintiff demanded indemnification and collateralization, Plaintiff understated contract funds available to Plaintiff to offset losses; Plaintiff claimed costs

*FELDMAN, WASSER*
*DRAPER & BENSON*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

10

to complete for projects which were completed by Defendant Siciliano and for which there were no costs to complete, thereby significantly overstating its loss exposure; Plaintiff claimed indemnification and collateralization against liquidated damages on two projects which projects were finished and on which no liquidated damages were assessed. thereby significantly overstating its loss exposure; and upon information and belief Plaintiff may have significantly double counted its claimed losses in determining its loss exposure for which it seeks indemnification and collateralization.

11.    Plaintiff has been indemnified and collateralized for a substantial portion of its claimed losses on the City of Springfield, Metro Sanitary District, Village of Heyworth, Village of Forsyth, Willard Ice, City of Beardstown and IDOT District #5 projects in that project contract funds are available to and have been liened by Plaintiff to cover its claimed losses on these projects and should Plaintiff recover all contract funds for which it has liened, Plaintiff will recover in the range of some $650,000,00.

s/ Howard W. Feldman
Howard W. Feldman,  Bar Number 00788066
Attorney for All Defendants
Feldman, Wasser, Draper & Benson
1307 S. Seventh Street, P.O. Box 2418
Springfield, IL 62705
Telephone: (217) 544-3403
Fax: (217) 544-1593
E-mail: hfeldman@feldwass.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

egower@hinshawlaw.com

jsebastian@hinshawlaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A

**s/ Howard W. Feldman**
Howard W. Feldman,  Bar Number 00788066
Attorney for All Defendants
Feldman, Wasser, Draper & Benson
1307 S. Seventh Street, P.O. Box 2418
Springfield, IL 62705
Telephone: (217) 544-3403
Fax: (217) 544-1593
E-mail: hfeldman@feldwass.com
